1

2

3                                                              O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  S.A. THOMAS,                    )  Case No. CV 04-08448 DDP (SHx)
                                    )
12              Plaintiff,          )
                                    )  **ORDER DENYING EX PARTE**
13       v.                         )  **APPLICATION TO SUBSTITUTE**
                                    )  **PLAINTIFF**
14  LEROY BACA, et al.              )
                                    )
15              Defendants.         )
    _____)  [Dkt. No. 970]
16

17       Presently before the court is Plaintiffs' Ex Parte Application

18  to substitute Dwain Gipson ("Dwain") for his deceased brother,

19  Plaintiff Eric L. Gipson.

20  I.   **INTRODUCTION**

21       Plaintiff Eric L. Gipson ("Gipson") passed away on June 13,

22  2014, less than two weeks before the scheduled trial date.  His

23  brother, Dwain, now seeks to substitute in as a plaintiff under

24  Federal Rule of Civil Procedure 25(a).  Defendant opposes the

25  substitution and contends that Dwain lacks standing.

26  ///

27  ///

28  ///

1  II.  **DISCUSSION**

2       A.   Substitution of Parties under FRCP 25

3       Under Federal Rule of Civil Procedure 25, "[i]f a party dies

4  and the claim is not extinguished, the court may order substitution

5  of the proper party.  A motion for substitution may be made by any

6  party or by the decedent's successor or representative."  Fed. R.

7  Civ. P. 25(a)(1).

8       Rule 25 is a procedural rule, and controls the manner of

9  effecting substitution in federal courts.  <u>In re Baycol Products</u>

10 <u>Litigation</u>, 616 F.3d. 778, 788 (8th Cir. 2010).  "The question of

11 *who* is a proper party," however, is a substantive issue, on which

12 the court must look to state law.  <u>Id.</u>; <u>Fox v. County of Tulare</u>,

13 No. 11-cv-520 AWI, 2014 WL 897040 *6 (E.D. Cal. Mar. , 2014).

14      Rule 25(a) should be applied flexibly and liberally to

15 substitute parties who would best represent the decedent's

16 interests.  <u>Baycol</u>, 616 F.3d at 789.  Nevertheless, "the party

17 seeking to bring a survival action under Section 1983 bears the

18 burden of demonstrating that a particular state's law authorizes a

19 survival action and that the plaintiff meets that state's

20 requirements for bringing a survival action."  <u>Moreland v. Las</u>

21 <u>Vegas Metropolitan Police Dept.</u>, 159 F.3d 365, 369 (9th Cir. 1998);

22 42 U.S.C. § 1988(a).

23      B.   California Survivorship Law

24           1.   Gipson's Claim Is Not Extinguished

25 Here, Defendant does not dispute that under California law,

26 Gipson's Section 1983 claim survives his death.

27           2.   Whether Dwain Is A "Proper Party"

28

1    In California, a survival claim "passes to the decedent's

2  successor in interest, subject to . . . the Probate Code, and an

3  action may be commenced by the decedent's personal representative

4  or, if none, by the decedent's successor in interest."   Cal. Code

5  Civ. P. §377.30.

6            i.   Whether Dwain Is Gipson's "Personal

7                 Representative"

8    Under the California Probate Code, "'personal representative'

9  means executor, administrator, successor personal representative .

10 . . or a person who performs substantially the same function under

11 the law of another jurisdiction . . . ." Cal. Prob. Code § 58.

12 Here, Plaintiffs do not assert that Dwain is the executor of

13 Gipson's estate or performs other functions that would qualify him

14 as a "personal representative."  Even if Dwain had made such a

15 claim, a person has no power to administer a decedent's estate

16 until appointed by the court as personal representative.[1]  Cal.

17 Prob. Code § 8400(b).

18            ii.  Whether Dwain is Gipson's "Successor in

19                 Interest"

20    "'[D]ecedent's successor in interest' means the beneficiary of

21 the decedent's estate or other successor in interest who succeeds

22 to a cause of action or to a particular item of the property that

23 is the subject of a cause of action." Cal. Code Civ. P.  § 377.11.

24 A "beneficiary of the decedent's estate" means a beneficiary named

25

26

27        [1] Prior to court appointment, even a named executor's power is
   limited to measures necessary to maintain and preserve the estate.
28 Cal. Prob. Code § 8400(b).

in a decedent's will or a beneficiary under California's rules of intestacy.  Cal.Civ.P. Code § 377.10.

Here, though the ex parte application refers to Dwain as a "successor," there is no indication that he was named as a beneficiary in Gipson's will.  It is unclear whether Gipson died intestate.  Gipson's deposition testimony suggests that Gipson has two children,  a surviving parent, and at least one other sibling apart from Dwain.  (Declaration of Justin W. Clark, Ex. A.)  Thus, under California's law of intestate succession, it does not appear that Dwain is Gipson's successor in interest.  <u>See</u> Cal. Prob. Code § 6402.

III.      **CONCLUSION**

Because Dwain has not established that he is either Gipson's personal representative or successor in interest, Plaintiffs have not carried their burden to show that Dwain is a "proper party" for purposes of substitution under FRCP 25(a).  The ex parte application is, therefore, DENIED.[2]

IT IS SO ORDERED.

Dated: June 20, 2014

DEAN D. PREGERSON
United States District Judge

---

[2]  Rule 25(a)(1) also states that claims must be dismissed if a motion for substitution is not filed within 90 days of a statement noting the Plaintiff's death.  Defendant appears to suggest that a motion for substitution cannot be filed until the ninety day period begins.  Having denied the ex parte application, the court does not address this additional argument, which, in any event, has not been fully developed by the parties.